# SUPREME COURT UNITED STATES.

## FEBRUARY TERM, 1813.

## THE UNITED STATES

*v.*

## GORDON AND OTHERS.

Feb. 10th.

*Absent....*LIVINGSTON, *J. and* TODD, *J.*

THIS was an action of debt brought in the *District* Court of the United States for the district of Virginia, upon an *embargo-bond*, dated the 2d of November, 1808, conditioned to reland the cargo of the Essex, in some port of the United States, the danger of the seas only excepted.

The Defendants, among other things, pleaded the following plea, viz.; "And the said Defendants for further plea why the United States ought not to have and maintain the said action, say, that the said bond was given and executed for more than double the value of the vessel and cargo, mentioned in the recital and condition of the said bond; to wit, in a sum of eight thousand dollars more than double the said value; and the said last mentioned Defendants aver that the obligors were constrained to execute the said bond by the refusal of the collector of the port of Tappahannock to clear and permit the said vessel and her cargo to depart from the port and district of Tappahannock until the same bond was executed as aforesaid, and this they are ready to verify," &c.

To this plea there was a general demurrer, which was overruled by the district judge (TYLER.) The

*[margin note:]* A writ of error does not lie to carry to the Supreme Court of the United States a civil cause which has been carried from the District Court to the Circuit Court by writ of error. Semb.: It is a good defence to an action upon an embargo bond, that it was given for more than double the value of the vessel and cargo, and that the master was constrained to execute it by the refusal of a clearance.

U. STATES United States carried the cause up to the *Circuit* Court *v.* by *writ of error*, where the judgment was affirmed by GORDON & MARSHALL, *C. J.*
OTHERS.

The United States brought another writ of error to the Supreme Court of the United States, which was dismissed for want of jurisdiction; upon the authority of the case of *United States v. Goodwin* at the last term.

---

1813.　　　　BARTON *v.* PETIT AND BAYARD.

Feb.　4th.

*Absent....*JOHNSON, *J. and* TODD, *J.*

If the original judgment be reversed, the reversal of the dependent judgment on the " forth coming bond" follows of course; but a special certiorari is necessary to bring up the execution upon which the bond was given so as to show the connexion between the two judgments.
ERROR to the Circuit Court for the district of Virginia on a judgment rendered on a bond (technically called in Virginia a "*forthcoming bond*") given to the marshal with condition to have certain goods forthcoming at the day of sale appointed by the marshal; being goods which he had seized under a *fi. fa.* issued upon a former judgment recovered by Petit and Bayard against Barton,-which judgment was reversed at the last term of this Court.

P. B. KEY, *for the Plaintiff in error*, contended, that the record of the former judgment being referred to in the condition of the bond, was to be considered as part of this record; and that the Court could judicially take notice that it was the same which was reversed by this Court at the last term, the transcript of which record now remains with the clerk of this Court. But if the Court could not judicially notice that fact, he moved for a *certiorari* to the clerk below to certify the record of the judgment on which the execution issued upon which the bond was given.

E. I. LEE and I. R. INGERSOLL, *contra*, contended, that the former record was no part of the present record, and that the Court could not judicially know it to be the same, and cited 4 *Hen. and Mun.* 293. 1 *Wash.* 94.